UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

Z̲ACHARY L̲OREN B̲URNS,

          Petitioner,              Case No. 2:21-cv-192

v.                                         Honorable Paul L. Maloney

S̲ARAH S̲CHROEDER,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

I.  **Factual Allegations**

Petitioner Zachary Loren Burns is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. On November 16, 2016, Petitioner pleaded guilty in the Eaton County Circuit Court to two counts of armed robbery, in violation of Mich. Comp. Laws § 750.529, and one count of using a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On January 26, 2017, the court sentenced Petitioner to concurrent prison terms of 15 to 40 years on the armed robbery convictions, to be served consecutively to a prison term of 2 years on the felony-firearm conviction. On March 2, 2021, Petitioner, with the assistance of counsel, filed his habeas corpus petition.

II.  **Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 3, 2018. *People v. Burns*, No. 156727 (Mich. Apr. 3, 2018) (available at http://publicdocs.courts.mi.gov/sct/public/orders/156727_20_01.pdf). It appears that Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period to seek review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 2, 2018.

Petitioner had one year from that date, until July 2, 2019, to file his habeas application. Petitioner filed his application on March 2, 2021. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)

3

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  On August 6, 2018, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.* in the trial court.  (Eaton Cnty. Cir. Ct. Order, ECF No. 1-6, PageID.18.)  Thus, the period of limitation ran for 35 days before it was tolled by Petitioner's post-conviction application for collateral review.

The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).  The statute is not tolled during the time thereafter that a Petitioner petitions for certiorari in the United States Supreme Court.  *Id.* at 332.  The Michigan Supreme Court denied leave to appeal with regard to Petitioner's motion for relief from judgment on March 3, 2020.  (Mich. Order, ECF No. 1-5, PageID.16.)  The statute of limitations commenced running again upon the Michigan Supreme Court's denial of Petitioner's application for leave to appeal.  It expired 330 days later, on January 27, 2021.  Petitioner filed his application 34 days later.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly."  *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

There is nothing in the petition or the supporting materials to suggest that Petitioner is entitled to equitable tolling. He has not alleged any facts or circumstances that would warrant its application in this case. Petitioner was represented by counsel and all of the facts and arguments that support his habeas petition had already been presented to the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court. The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, if counsel merely miscalculated the relevant filing deadline, such a miscalculation "would constitute only 'a garden variety claim of excusable neglect' and not an 'extraordinary circumstance' preventing timely filing." *Nassiri v. Mackie*, 967 F.3d 544, 549 (6th Cir. 2020) (quoting *Holland* 560 U.S. at 651). Accordingly, Petitioner it does not appear on the face of the petition that Petitioner is entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable

tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not claim that he is actually innocent. Indeed, the relief he seeks is not withdrawal of his plea, but enforcement of an earlier plea offer that he rejected. He proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri*, 967 F.3d at 548. The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated:   September 9, 2021                    /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge