UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

Z<small>ACHARY</small> L<small>OREN</small> B<small>URNS</small>,

    Petitioner,    Case No. 2:21-cv-192

v.            Honorable Paul L. Maloney

S<small>ARAH</small> S<small>CHROEDER</small>,

    Respondent.
_____/

**<u>ORDER</u>**

   This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF Nos. 7, 8.) Petitioner responded on September 16, 2021. (ECF No. 9.)

   By way of background, and as set forth fully in the Court's prior opinion, Petitioner Zachary Loren Burns is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. On November 16, 2016, Petitioner pleaded guilty in the Eaton County Circuit Court to two counts of armed robbery, in violation of Mich. Comp. Laws § 750.529, and one count of using a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On January 26, 2017, the court sentenced Petitioner to concurrent prison terms of 15 to 40 years on the armed-robbery convictions, to be served consecutively to a prison term of 2 years on the felony-firearm conviction.

Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 3, 2018. *People v. Burns*, No. 156727 (Mich. Apr. 3, 2018) (available at http://publicdocs.courts.mi.gov/sct/public/orders/156727_20_01.pdf). Petitioner did not raise in his direct appeal the issue he raises by way of his habeas petition.

Petitioner then returned to the trial court and, with the assistance of the same counsel who represents him in this proceeding, on August 6, 2018, filed a motion for relief from judgment. Petitioner's motion for relief from judgment alleged that his trial counsel had rendered ineffective assistance when counsel advised Petitioner to reject a plea offer that included a ten-year cap on the minimum sentence and dismissal of a felony-firearm charge that would have included a consecutive two-year sentence. The trial court denied relief by order entered September 24, 2018.

Petitioner sought leave to appeal that order in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal the denial of Petitioner's motion for relief from judgment on March 3, 2020. (Mich. Order, ECF No. 1-5, PageID.16.) On March 2, 2021, Petitioner, with the assistance of counsel, filed his habeas corpus petition.

The period of limitation commenced running on Monday, July 2, 2018—90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal on April 3, 2018. It ran until the date that Petitioner's motion for relief from judgment was filed, on August 6, 2018. The filing of the motion tolled the period of limitation. It remained tolled until March 3, 2020, when the Michigan Supreme Court denied Petitioner's application for leave to appeal

relating to the denial of the motion for relief from judgment. It expired 330 days later on January 27, 2021. The petition was filed 34 days later.

Petitioner's counsel explains why he did not timely file his petition as follows:

> [C]ounsel was not hired by the family until shortly before the motion was filed. Defendant comes from a family with very limited resources. [C]ounsel had the petition ready to be filed with the district court months before it was actually filed . . . . Counsel had to continually remind both parents who live in the south separately of the dangers of waiting too long to file a petition and that they needed to get to his office the agreed upon retainer. Under the code of professional responsibility for lawyers he is forbidden from providing money to his clients for court filing fees, a personal loan, or for any other reason.

(Pet'r's Response, ECF No. 9, PageID.14–15.) Counsel notes that the Michigan court suspended filing deadlines because of the pandemic. (*Id.*, PageID.15.) Moreover, he notes that he, and his secretary, were required to work from home because of the pandemic and tried in vain to collect the attorney fees so he could timely file the petition. (*Id.*)

Counsel does not indicate when he was hired by the family or when he received the retainer. He does attach a letter to Petitioner's family dated December 21, 2020, advising them to pay the retainer no later than January 12, which would have permitted a timely filing. (*Id.*, PageID.20.) Petitioner's counsel acknowledges the late filing, but notes that this is not a "garden-variety late filing case." (*Id.*, PageID.15.)

A petitioner seeking equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 64 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Sometimes counsel miscalculate deadlines. The Supreme Court repeatedly has held that an attorney's miscalculation of a filing deadline is ordinary attorney error that does not warrant equitable tolling. *See Maples v. Thomas*, 565 U.S. 266, 282 (2012) (citing *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (recognizing that "a garden variety claim of excusable

neglect, . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, . . . does not warrant equitable tolling") (internal citations omitted) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."))); *see also Nassiri v. Mackie*, 967 F.3d 544, 549 (6th Cir. 2020) (Court determined that if counsel merely miscalculated the relevant filing deadline, such a miscalculation "would constitute only 'a garden variety claim of excusable neglect' and not an 'extraordinary circumstance' preventing timely filing.") (quoting *Holland* 560 U.S. at 651). That is not what happened here; but there was a similar "garden variety" miscalculation.

Counsel posits that he could not ethically advance the $5.00 filing fee and, therefore, he could not file the petition until Petitioner's family had paid him. On that point he is simply wrong. The Michigan Rules of Professional Conduct[1] provide that "a lawyer may advance court costs and expenses of litigation, the repayment of which shall ultimately be the responsibility of the client; and a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client." Mich. Rules of Prof'l Conduct R. 1.8(e). Thus, there was no actual barrier to the timely filing of the petition.

Moreover, to demonstrate that an extraordinary circumstance prevented Petitioner from making a timely filing, he must show that something beyond his control stopped him. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256–57 (2016) ("But in truth, the phrase 'external obstacle' merely reflects our requirement that a litigant seeking tolling show 'that some extraordinary circumstance stood *in his way*.' . . . This phrasing in *Holland* (and in *Pace*

---

[1] Attorneys practicing before this Court are subject to the Michigan Rules of Professional Conduct. W.D. Mich. LCivR 83.1(j).

4

before that) would make little sense if equitable tolling were available when a litigant was responsible for its *own* delay.") (emphasis in original) (quoting *Holland*, 560 U.S. at 649). Here, Petitioner—or perhaps more accurately, Petitioner's family—prevented Petitioner from making a timely filing. That is not an external obstacle.

Counsel makes clear that he advised Petitioner regarding the time he had to file the petition. If Petitioner's family could not timely pay counsel and counsel would not advance the filing fee, Petitioner offers no reason he could not timely submit the Court's approved form habeas petition. It is a fill-in-the-blank document that asks for information readily available to Petitioner by way of the state court briefs that counsel had already prepared and filed. Moreover, if Petitioner were unable to pay the $5.00 filing fee, there were forms available to seek leave to proceed *in forma pauperis*. For all of these reasons, the Court concludes that Petitioner is not entitled to equitable tolling.

Even absent equitable tolling, Petitioner might avoid the statute of limitations bar if he could demonstrate manifest injustice. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not

demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not claim that he is actually innocent. Indeed, the relief he seeks is not withdrawal of his plea, but enforcement of a different plea offer that he rejected. He proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Therefore, Petitioner has failed to demonstrate manifest injustice that might permit him to avoid the limitations bar.

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. Therefore, the Court will enter judgment dismissing the petition with prejudice.

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

       Reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, a certificate of appealability will be denied.

       Although the Court concludes the petition is untimely, the Court does not certify that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

       Accordingly,

       **IT IS ORDERED** that a certificate of appealability is **DENIED**.


Dated:   September 27, 2021          /s/ Paul L. Maloney  
                                                                  Paul L. Maloney  
                                                                  United States District Judge